UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH D.,<br><br>                                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                                    Defendant. | Case No. 23-10264<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 12 & 13)**

## I.   Introduction

Plaintiff Joseph D. appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) under the Social Security Act.  Both parties have filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c).  ECF No. 11; ECF No. 12; ECF No. 13.  After review of the record, the Court **ORDERS** that:

- Plaintiff's motion (ECF No. 12) be **DENIED**;

- the Commissioner's motion (ECF No. 13) be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## II.  Background

### A.  Plaintiff's Background and Disability Application

Born in December 1974, plaintiff was 45 years old at the time of his application.  ECF No. 9-1, PageID.60.  Plaintiff had no past relevant work.  *Id.*  He claimed to be disabled from COPD, sleep apnea, rotator cuff issues, carpal tunnel, and bronchitis.  *Id.*, PageID.93.

After the Commissioner denied his disability application initially, plaintiff requested a hearing, which took place in February 2022.  *Id.*, PageID.51.  Plaintiff and a vocational expert (VE) testified at the hearing.  *Id.*  In the decision that followed, the ALJ found plaintiff not disabled.  *Id.*, PageID.61.  The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  *Id.*, PageID.48.  Plaintiff timely filed for judicial review.  ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by

analyzing five sequential steps.  First, if the applicant is "doing substantial

gainful activity," he or she will be found not disabled.  20 C.F.R.

§ 416.920(a)(4).  Second, if the claimant has not had a severe impairment

or a combination of such impairments[1] for a continuous period of at least

12 months, no disability will be found.  *Id.*  Third, if the claimant's severe

impairments meet or equal the criteria of an impairment set forth in the

Commissioner's Listing of Impairments, the claimant will be found disabled.

*Id.*  If the fourth step is reached, the Commissioner considers its

assessment of the claimant's residual functional capacity (RFC) and will

find the claimant not disabled if he or she can still do past relevant work.

*Id.*  At the final step, the Commissioner reviews the claimant's RFC, age,

education, and work experiences, and determines whether the claimant

could adjust to other work.  *Id.*  The claimant bears the burden of proof

throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's]
physical or mental ability to do basic work activities."  20 C.F.R.
§ 416.920(c).

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14
F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not
disabled. At the first step, he found that plaintiff had not engaged in
substantial gainful activity since the application date. ECF No. 9-1,
PageID.53. At the second step, the ALJ found that plaintiff had the severe
impairments of morbid obesity, COPD/bronchitis, bilateral carpal tunnel
syndrome, sleep apnea, congestive heart failure, and chronic pain
syndrome. *Id.* Next, the ALJ concluded that none of his impairments,
either alone or in combination, met or medically equaled the severity of a
listed impairment. *Id.*, PageID.54.

Between the third and fourth steps, the ALJ found that plaintiff had
the RFC to perform sedentary work, except

> he can lift 10 pounds maximally, five pounds frequently, and
> 10 pounds occasionally. He can sit six hours, stand two hours,
> and walk two hours in an eight-hour workday. He can never
> use ladders, scaffolds, or ropes; occasionally use ramps or
> stairs, stoop, crouch, kneel, and crawl; must avoid
> concentrated exposure to extreme heat, extreme cold,
> wetness, humidity, and vibrations; and must avoid
> concentrated exposure to fumes, odors, dust, gases, or poor
> ventilation. He can never use pneumatic, torque, or power
> tools. He can occasionally reach over the shoulder with the
> right or left upper extremity. He can frequently handle, finger,
> and feel with the right or left upper extremity. He should never
> have exposure to dangerous, unprotected machinery or work
> at unprotected heights. He can occasionally bend, twist, and

4

turn at the waist. He is limited to work involving no commercial
driving or right or left foot pedal use. He can occasionally push
or pull with the right or left upper extremity.

*Id.*, PageID.54-55.  At step four, the ALJ found that plaintiff had no past

relevant work.  *Id.*, PageID.59.  At the final step, after considering plaintiff's

age, education, work experience, RFC, and the testimony of the VE, the

ALJ also concluded that he could perform jobs that existed in significant

numbers in the national economy, including taper and finisher.  *Id.*,

PageID.60.  The ALJ thus concluded plaintiff was not disabled.  *Id.*,

PageID.61.

### III.   Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether

the Commissioner's decision is supported by substantial evidence and was

made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc.*

*Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

Under the substantial-evidence standard, a court looks to an
existing administrative record and asks whether it contains
sufficient evidence to support the agency's factual
determinations.  And whatever the meaning of substantial in
other contexts, the threshold for such evidentiary sufficiency is
not high.  Substantial evidence, this Court has said, is more
than a mere scintilla.  It means—and means only—such
relevant evidence as a reasonable mind might accept as
adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the Court must remand this matter because the ALJ improperly evaluated plaintiff's subjective symptoms and the RFC does not account for all his limitations. ECF No. 12, PageID.441. The Court disagrees and affirms the ALJ's decision.

**B.**

Plaintiff asserts that the ALJ improperly evaluated his subjective symptoms. ECF No. 12, PageID.449. Plaintiff points to his testimony during the February 2022 hearing, when he said that he could walk 20 to 30 feet before having to rest, stand three to five minutes, and lift a gallon of

6

milk with two hands.  ECF No. 9-1, PageID.80-81, 85.  He testified that he has chronic pain in his back and hands, shortness of breath and chest pain after any activity, and difficulty doing basic activities.  *Id.*, PageID.82.  He also reported extreme fatigue and tiredness from his sleep apnea medications, which cause him to lie down for about 30 minutes at a time, three times per day.  *Id.*, PageID.83.  Plaintiff contends that these allegations are consistent with objective findings in his February 2020 pulmonary function test and 2021 treatment records with Hao Nguyen, D.O.  ECF No. 12, PageID.451.

The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms.  First, the ALJ evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 416.929(a); SSR 16-3p.  If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms.  20 C.F.R. § 416.929(a); SSR 16-3p.  In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record."  SSR 16-3p.  An ALJ's subjective symptom evaluation should not be disturbed 'absent compelling reason.'"  *Carr v. Comm'r of Soc. Sec.*, No. 21-11307, 2022 WL

7

4230913, at *3 (E.D. Mich. July 21, 2022), *adopted*, 2022 WL 3362268 (E.D. Mich. Aug. 15, 2022) (quoting *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).  At the same time, "such determinations must find support in the record."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory findings, statements by the plaintiff, and medical opinions.  20 C.F.R. § 416.929(a).  Although a plaintiff's description of his symptoms will "not alone establish that [he] is disabled," *id.*, the ALJ may not disregard the plaintiff's subjective complaints because they lack substantiating objective evidence, SSR 16-3p.  Without objective evidence, ALJs are to consider a plaintiff's daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; the type, dosage, and side effects of medication to alleviate symptoms; and any other treatment or measures used to relieve pain.  20 C.F.R. § 416.929(c)(3).

Here, the ALJ summarized plaintiff's reported symptoms and concluded that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

medical evidence and other evidence in the record."  ECF No. 9-1, PageID.58.  The ALJ's analysis is supported by substantial evidence.

Thoroughly examining plaintiff's medical history, the ALJ accurately recounted plaintiff's testimony and reports describing his physical limitations.  *Id.*, PageID.55-56, 80-83, 85.  The ALJ then detailed plaintiff's December 2019 hospital admittance and x-rays, January 2020 treatment records for COPD and sleep apnea, and November 2020 and August 2021 function reports.  *Id.*, PageID.56-57 (citing PageID.251-258, 268-275, 320, 324-340, 335, 345, 348-349, 350-369, 379-380, 387).  After his review of the objective evidence, the ALJ found plaintiff's claims unsupported.

The ALJ examined plaintiff's February 2020 pulmonary function test, which showed severe obstructive defect without response to bronchodilator with an FEV1 of 1.92 liters, 47% of predicted; an FVC of 3.35 liters, 66% of predicted; and an FEV1 percent of 57, suggested severe airflow obstruction.  *Id.*, PageID.57, 382.  And a six-minute walk test for pulmonary function showed ventilatory impairment with exercise with hypertension without significant oxygen desaturation.  *Id.*, PageID.381.  But the ALJ noted that an updated March 2021 chest x-ray was negative; plaintiff's lung fields appeared clear, and there was no pleural effusion, pneumothorax, or acute osseous abnormality.  *Id.*, PageID.57, 386, 396.

9

The ALJ also considered plaintiff's treatment records with Dr. Nguyen from April to November 2021, citing medication refills for plaintiff's right carpal tunnel syndrome, chronic diastolic congestive heart failure, chronic pain syndrome, COPD, morbid obesity, sleep apnea, unspecified chronic bronchitis, and vitamin D insufficiency. *Id.*, PageID.PageID.401-427. During an April 2021 televisit, Dr. Nguyen noted that plaintiff "is doing well," and he continued plaintiff on Norco. *Id.*, PageID.418. At an in-person appointment in May 2021, plaintiff denied any new issues and stated that the weather affected his exertion, but his breathing had improved. *Id.*, PageID.413. Dr. Nguyen stated that plaintiff's "breathing was stable on his current regimen" and his "chronic pain is controlled." *Id.*, PageID.416.

In August 2021, plaintiff complained of lower back pain after hyperextending his leg while camping, but he denied any numbness, tingling, or radicular type of pain. *Id.*, PageID.404. Upon physical examination, plaintiff showed a normal range of motion for his musculoskeletal exam, no focal deficit for his neurological exam, and normal effort for his pulmonary exam. *Id.*, PageID.407. Dr. Nguyen then recommended hip flexor stretching exercise for plaintiff's muscle strain. *Id.*, PageID.409. At a November 2021 appointment, plaintiff complained of left flank and left shoulder pain but denied chest pain, shortness of breath,

10

abdominal pain, nausea or vomiting, changes in bowel or bladder habits, numbness, tingling, weakness, headaches, or other symptoms. *Id.*, PageID.419.  He also was not in acute distress, his musculoskeletal exam showed a normal range of motion with no signs of swelling or injury, and Dr. Nguyen continued him on his regimen. *Id.*, PageID.419, 422-423, 426.

The ALJ noted plaintiff's normal musculoskeletal exams, his unremarkable cardiovascular and pulmonary exams, and the lack of focal deficits in his neurological exams. *Id.*, PageID.58 (citing PageID.401-427). And plaintiff admitted that his chronic pain was controlled and that his breathing was stable with his medication regimen. *Id.*, PageID.416, 426. Plaintiff testified during the hearing that he required a cane for balance, but the ALJ noted that the record lacked evidence that plaintiff had a prescription for a cane or used one. *Id.*, PageID.55, 69, 257.

The ALJ concluded that the degree to which plaintiff claimed that his daily activities were limited—for example, he said that he could prepare only simple meals—could not be objectively verified or attributed to his medical condition. *Id.*, PageID.58.

The ALJ also pointed to plaintiff's noncompliance with prescribed treatment, like smoking cessation, "which suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with

this application."  *Id.*, PageID.59.  When plaintiff was treated for acute

COPD exacerbation and bronchitis in January 2020, his doctor

"emphasized" smoking cessation.  *Id.*, PageID.234.  Another one of his

doctors urged him to quit smoking in April 2020.  *Id.* PageID.377.  But

plaintiff testified at the hearing that he smoked about five cigarettes each

day.  *Id.*, PageID.234.  Even so, as the ALJ noted, plaintiff's COPD

symptoms improved with his medication.  *Id.*, PageID.416, 426.

Plaintiff also argues that the ALJ must consider the impact of his

treatment and effectiveness of medications on his ability to work.  ECF No.

12, PageID.451.  But the ALJ considered plaintiff's complaints that the

medication made him tired, and he cited treatment records showing that

plaintiff's symptoms improved with medication and did not require more

intensive treatment.  ECF No. 9-1, PageID.55-58, 376-377, 404-410, 412,

416, 418, 419-427.

The ALJ's conclusions are also supported by state agency medical

consultative opinions, as discussed below.  The ALJ weighed the medical

evidence and plaintiff's subjective complaints, and his conclusions were

supported by the evidence.  Thus, the ALJ's subjective symptom evaluation

should not be disturbed.  *See Carr*, No. 21-11307, 2022 WL 4230913, at

*3.

## C.

Plaintiff argues that the ALJ's RFC findings are flawed because they did not account for all his documented limitations.  ECF No. 12, PageID.442.  He contends that he requires a sit/stand option, needs an assistive device, and would be off task due to his pain and shortness of breath.  *Id.*, PageID.444-447.  Plaintiff cites his testimony, hospitalizations, medication history, February 2020 pulmonary function test, and function reports in support.  *Id.*  But the ALJ's RFC evaluation is supported by substantial evidence and the Court must therefore affirm it.

Besides the evidence that the ALJ considered in the above section, the state agency medical consultants—who provided the only opinions on plaintiff's RFC in the record—found that plaintiff could perform sedentary work.  ECF No. 9-1, PageID.93-99, 101-108.  There are no opinions from treating or examining physicians that indicate that plaintiff is disabled or has greater limitations than those in the decision.  *Id.*, PageID.59.  At the initial level, a state agency medical consultant found that plaintiff was limited to sedentary work and could:

> occasionally climb ramps/stairs; occasionally climb ladders, ropes, and scaffolds; occasionally, kneel, crouch, and crawl; and frequently stoop. He could occasionally reach overhead with the left upper extremity and occasionally finger and feel. In addition, he needed to avoid even moderate exposure to extreme cold, extreme heat, wetness, and humidity; avoid

13

even moderate exposure to vibration and hazards including machinery and heights; and avoid all exposure to fumes, odors, dusts, gases, poor ventilation, etc.

*Id.* (citing PageID.93-99).

At the reconsideration level, another medical consultant made similar findings but indicated that plaintiff could finger and feel without limitation; be exposed to wet environments; and never climb ladders, ropes, and scaffolds. *Id.*, PageID.101-108. The ALJ found these opinions partially persuasive. *Id.*, PageID.59. With the updated records at the hearing level, the ALJ found that plaintiff should never use ladders, scaffolds, or ropes, and that his shoulder pain limits him to occasional reaching over the shoulder with the right or left upper extremity. *Id.* The ALJ concluded that the limitation to sedentary work and the other restrictions are supported by the record and are persuasive. *Id.*

The ALJ's RFC assessment is supported by substantial evidence, including the state agency medical opinions that plaintiff was capable of sedentary work with many of the limitations that the ALJ adopted in his RFC finding. *Al-Saidie v. Comm'r of Soc. Sec.*, No. 16-10471, 2017 WL 3633126, at *6 (E.D. Mich. Feb. 24, 2017), *adopted*, 2017 WL 2982275 (E.D. Mich. July 13, 2017) (citing *Watts v. Comm'r of Soc. Sec.*, 179 F. App'x 290, 294 (6th Cir. 2006)) ("Absent functional assessments from

treating doctors, RFC assessments from medical reviewers is the best evidence of plaintiff's abilities and limitations.").

And the ALJ's RFC assessment is in fact more restrictive than the medical consultants' findings. While the medical consultants opined that plaintiff had limited overhead reaching on his left side, the ALJ limited plaintiff's reaching to include the right side too. *Compare id.*, PageID.97, 105, *with id.*, PageID.55. And while the most recent medical consultative opinion found that plaintiff did not have any manipulative limitations for fingering or feeling, the ALJ restricted him to only "frequent" handling, fingering, and feeling. *Compare id.*, PageID.105, *with id.*, PageID.55. "Courts in this circuit have routinely found RFC assessments that are more restrictive than the opinion evidence to be supported by substantial evidence." *Brooks v. Comm'r of Soc. Sec.*, No. 20-13246, 2022 WL 2163018, at *3 (E.D. Mich. May 23, 2022), *adopted*, 2022 WL 2161485 (E.D. Mich. June 15, 2022); *see McCoy v. Kijakazi*, No. 21-11739, 2023 WL 3407159, at *7 (E.D. Mich. Feb. 27, 2023), *adopted*, 2023 WL 3147899 (E.D. Mich. Apr. 28, 2023) ("An ALJ's more restrictive finding than that of the state agency physician's may lend support for the ALJ's finding.").

When, as here, the ALJ's decision is supported by substantial evidence, it "must be affirmed even if the reviewing court would decide the

matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip*, 25 F.3d at 286.  So although plaintiff argues that greater limitations are warranted, the Court must affirm the ALJ's decision.

## IV.    Conclusion

The Court **ORDERS** that plaintiff's motion for summary judgment (ECF No. 12) be **DENIED**, the Commissioner's motion for summary judgment (ECF No. 13) be **GRANTED**, and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).


s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge


Dated: February 22, 2024


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2024.

s/Kristen Castaneda
KRISTEN CASTANEDA
Case Manager